IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ANTHONY T. GROSE,**

        **Plaintiff,**

v.                                                                           Case 2:11-cv-02562-JDT-cgc

**JACOB J. LEW[1], et al.,**
**SECRETARY, DEPARTMENT**
**OF THE TREASURY, INTERNAL**
**REVENUE SERVICE, (IRS) AGENCY,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON PLAINTIFF'S "LEAVE OF COURT MOTIONS TO 'AMEND' AND/OR ALTERNATIVELY 'JOINER' CODEFENDANT(S): AND, JOINER CASES AND CO-PLAINTIFF"**

---

Before the Court is Plaintiff's motion, which is captioned as follows: "Plaintiffs' 'Leave of Court' Motions to 'Amend' and/or Alternatively 'Joiner' Co-Defendant(s): And, Joiner Cases and Co-Plaintiff" (Docket Entry "D.E." #39) ("Plaintiff's Motion"). Plaintiff's Motion was referred to the United States Magistrate Judge. (D.E. #28).

While Plaintiff's Motion is difficult to decipher, it appears to first request that his Amended

---

[1] Plaintiff's Complaint (D.E. #1) and Amended Complaint (D.E. #9) list "Timothy F. Geithner" as Secretary of the Department of Treasury. The United States, in its Response to the instant motion, asserts that Jacob F. Lew is the current Secretary of the Department of the Treasury and should be substituted to Rule 25(d) of the Federal Rules of Civil Procedure. Rule 25(d) provides that an "action does not abate when a public official . . . resigns or otherwise ceases to hold office while the action is pending," that the "officer's successor is automatically substituted as a party," that "[l]ater proceedings should be in the substituted party's name," and that the "court may order substitution at any time." Fed. R. Civ. P. 25(d). It is recommended that Defendant Timothy F. Geithner be substituted for Defendant Jacob J. Lew.

1

Complaint be further amended to add as defendants Pamela McNeal, Gwendolyn Pruitt, Carlton Dyer, Lynda Conyers, Jacquelyn Yarbrough, Teresa Webb-Patton, Mary Bank, Carolyn Jackson, Susan Carrol, and Julia Garcia (the "Individual Defendants") in their individual capacities.

Rule 15(a) of the Federal Rules provides that a party may amend its pleading with either the opposing party's written consent or the court's leave and that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). However, a motion to amend should be denied when the proposed amendment could not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In the instant case, Plaintiff named the Individual Defendants in his Complaint filed on July 5, 2011. On January 13, 2012, the District Court dismissed these Individual Defendants because (1) "[i]ndividual coworkers or supervisors cannot be held liable under Title VII or other federal laws prohibiting employment discrimination" and (2) Plaintiff was barred by sovereign immunity from bringing an action arising under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1974), against the Individual Defendants. As Plaintiff's attempts to join these Individual Defendants have already been dismissed pursuant to Rule 12(b)(6) and Plaintiff has not provided any new basis that would allow claims against these Individual Defendants to survive such a motion, it is recommended that Plaintiff's request to amend his Amended Complaint to add the Individual Defendants pursuant to Rule 15(a) be DENIED.

Plaintiff's Motion additionally appears to request that the Individual Defendants be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure, which governs the Required Joinder of Parties. However, Plaintiff's Motion states that "[c]ompulsory joinder does not apply in this

lawsuit of any and all, codefendants" and that the Secretary of the Department of Treasury is "ultimate[ly] liable" for his employees' actions, conduction, and violations of constitutional law and civil rights in their official capacity. Ultimately, the District Court has already concluded that the Individual Defendants are not appropriate parties in the instant case. Accordingly, it is recommended that Plaintiff's request to amend his Amended Complaint to join the Individual Defendants pursuant to Rule 19 be DENIED.

**DATED** this 10th day of September, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**