IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
ANTHONY T. GROSE, SR.,                  )
                                        )
       Plaintiff,                       )
                                        )
VS.                                     )       No. 11-2562-JDT-cgc
                                        )
JACOB J. LEW, Secretary, United States  )
Department of the Treasury,             )
                                        )
       Defendant.                       )
```

ORDER TO MODIFY THE DOCKET
ORDER ADOPTING REPORT AND RECOMMENDATION
AND
ORDER DENYING MOTION TO AMEND AND FOR JOINDER OF PARTIES

The *pro se* Plaintiff, Anthony T. Grose, Sr., filed this employment discrimination action against the U.S. Treasury Secretary ("Secretary") on July 5, 2011.[1] (Docket Entry 1.) The Court subsequently dismissed the complaint except for the claims against the Secretary alleging discrimination on account of race, age, and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (D.E. 8.) Plaintiff was directed to ensure that process was served. (Id. at 13.)

---

[1] At that time, Timothy F. Geithner was Secretary of the Treasury. However, the current Treasury Secretary is Jacob J. Lew. *See* www.treasury.gov/about/Pages/Secretary.aspx. Pursuant to Federal Rule of Civil Procedure 25(d), Lew should automatically be substituted as the Defendant. Therefore, the Clerk is directed to MODIFY the docket to substitute Lew for Defendant Geithner.

On February 13, 2012, Plaintiff filed an amended complaint, which the Court treated as a motion for leave to amend. (D.E. 9.) The Court allowed Plaintiff to amend in order to clarify and reorganize his allegations and to expand the prayer for relief. (D.E. 10 at 2.) However, the Court denied leave to amend to the extent that Plaintiff sought to reassert dismissed claims, including claims against several Defendants in their individual capacities, and denied leave to assert claims under 42 U.S.C. §§ 1981, 1985(3) and 1986 and under 18 U.S.C. §§ 241 and 242. (Id. at 2-3.)

The Secretary filed an answer on April 11, 2013. (D.E. 30.) On July 29, 2013, Plaintiff filed a motion in which he again seeks to reinstate his claims against the dismissed Defendants. (D.E. 39.) Defendant responded to the motion on August 9, 2013 (D.E. 40), and Magistrate Judge Charmiane G. Claxton issued a Report and Recommendation ("R&R") on September 10, 2013 (D.E. 41), in which she recommended that Plaintiff's motion be denied. Objections to the R&R were due within 14 days.

On September 24, 2013, Plaintiff filed a document titled "Plaintiffs' [sic] Response and Objects to Court's Document [41], Report and Recommendation on Plaintiff's 'Leave of Court' Motions 'Amend' and/or Alternatively 'Joiner' Codefendant(s); and, Joiner Cases and Co-Plaintiff'". (D.E. 42.) The Secretary filed a response to Plaintiff's objections on September 30, 2013. (D.E. 43.)

In his objections to the R&R, Plaintiff states that he accepts the decision to deny leave to amend "in protest" in order "to move this lawsuit forward." (Id. at 1.) Nevertheless, the

2

Court has considered Plaintiff's objections, to the extent they can be discerned, and finds them to be without merit.

Plaintiff appears to assert once again that the dismissed Defendants were acting under color of law and may be sued under 42 U.S.C. § 1983. However, as the Court stated in the order of partial dismissal, employees of the Internal Revenue Service act under color of federal law, not under color of state law. (D.E. 8 at 7-8.) Therefore, Plaintiff has no claim under § 1983. Even construing his constitutional claims as arising under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1974), the Court found the official capacity <u>Bivens</u> claims were barred by sovereign immunity. (D.E. 8 at 10-11.) The Court also found the factual allegations in the original complaint insufficient to state any <u>Bivens</u> claim against the Defendants in their individual capacities. (<u>Id.</u> at 11-12.) Nothing in either Plaintiff's current motion to amend or his objections requires revisiting that ruling.

Plaintiff also cites the Supreme Court's recent decision in <u>Vance v. Ball State Univ.</u>, ___ U.S. ___, 133 S. Ct. 2434 (2013). However, Plaintiff fails to explain the significance of that decision to his motion to amend. In <u>Vance</u>, the Supreme Court provided a definition for determining who qualifies as a "supervisor" under Title VII for purposes of vicarious liability and reiterated the various standards for holding an employer liable under that statute, depending on whether the harasser is a supervisor or a co-worker. However, the issue of whether a supervisor may be *sued* and held personally liable under Title VII or other anti-discrimination statutes was not before the Supreme Court in <u>Vance</u>.

3

Lastly, Plaintiff's apparent argument that the individual supervisors and co-workers he is attempting to sue are necessary parties under Federal Rule of Civil Procedure 19 is without merit and deserves no further discussion.

The Court DENIES Plaintiff's objections and hereby ADOPTS the Magistrate Judge's R&R. Accordingly, the motion to amend and for joinder of parties (D.E. 39) is DENIED. IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE