**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**ANTHONY T. GROSE, SR.,**

**Plaintiff,**

**v.**                                                    **Case 2:11-cv-02562-JDT-cgc**

**JACOB J. LEW, SECRETARY OF**
**THE TREASURY,**

**Defendant.**

---

**ORDER DENYING PLAINTIFF'S "LEAVE OF COURT—MOTION TO FORWARD**
**UNATTACHED EXHIBITS," PLAINTIFF'S "MOTION FOR A FULL EVIDENTIARY**
**HEARING PRIOR TO GRANTING OF SUMMARY JUDGMENT," DEFENDANT'S**
**MOTION TO STRIKE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**
**AND/OR ALTERNATIVELY JURY TRIAL, AND PLAINTIFF'S "MOTION LEAVE OF**
**COURT, REQUEST FOR PLAINTIFF TO RESPECTFULLY AMEND AND**
**SUPPLEMENT HIS PLEADINGS, OF PLAINTIFF'S—MOTION FOR SUMMARY**
**JUDGMENT AND/OR ALTERNATIVELY JURY TRIAL"**

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT AND/OR, ALTERNATIVELY JURY TRIAL AND DEFENDANT'S**
**MOTION TO DISMISS OR, ALTERNATIVELY, MOTION FOR SUMMARY**
**JUDGMENT**

---

Before the Court are the following motions: Plaintiff's "Leave of Court—Motion to Forward Unattached Exhibits" ("Plaintiff's Motion to Forward Exhibits") (Docket Entry "D.E." #74); Plaintiff's "Motion for a Full Evidentiary Hearing Prior to Granting of Summary Judgment" ("Plaintiff's Motion for Evidentiary Hearing") (D.E. #75); Plaintiff's "Motion for Summary Judgment And/Or Alternatively Jury Trial" ("Plaintiff's Motion for Summary Judgment") (D.E. #76); Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment

("Defendant's Motion to Dismiss or for Summary Judgment") (D.E. #77); Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment ("Defendant's Motion to Strike") (D.E. #79); and, Plaintiff's "Motion Leave of Court, Request for Plaintiff to Respectfully Amend and Supplement his Pleadings, of Plaintiff's—Motion for Summary Judgment and/or Alternatively Jury Trial" ("Plaintiff's Motion to Amend") (D.E. #82). All pretrial matters in this case within the Magistrate Judge's jurisdiction have been referred for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and all other pretrial matters have been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

For the reasons set forth herein, Plaintiff's Motion to Forward Exhibits (D.E. #74) is DENIED, Plaintiff's Motion for Evidentiary Hearing (D.E. #75) is DENIED, Defendant's Motion to Strike (D.E. #79) is DENIED, and Plaintiff's Motion to Amend (D.E. #82) is DENIED. It is further recommended that Plaintiff's Motion for Summary Judgment (D.E. #76) be DENIED and that Defendant's Motion to Dismiss or for Summary Judgment (D.E. #77) be GRANTED IN PART AND DENIED IN PART.

## I. Introduction

On July 5, 2011, Plaintiff Anthony T. Grose, Sr. filed a *pro se* Complaint alleging claims of employment discrimination in violation of numerous provisions of law against eleven named defendants. (D.E. #1). Plaintiff paid the civil filing fee. (D.E. #2). On December 22, 2011, Plaintiff filed a motion seeking leave to amend his complaint (D.E. #7), which the District Court granted in a January 13, 2012 Order and construed as the Amended Complaint. (D.E. #8). In this same Order, however, the District Court *sua sponte* dismissed all of Plaintiff's claims in the Amended Complaint with the exception of his Title VII, Age Discrimination in Employment Act

("ADEA"), and Rehabilitation Act claims against Defendant Timothy F. Geitner, Secretary of the Treasury, in his official capacity. (D.E. #8).

On February 13, 2012, Plaintiff filed an "Amended Complaint" (D.E. #9) ("Second Amended Complaint"), which the District Court construed as a motion to amend (D.E. #10). As so construed, the District Court granted Plaintiff's motion to amend "[t]o the extent that the complaint merely clarifies and reorganizes the factual allegations and expands the prayer for relief"; however, the District Court denied Plaintiff's motion to amend "to the extent that Plaintiff is attempting to reassert the claims that were dismissed." (D.E. #10). The District Court reiterated that the "only claims in this action are the claims against Defendant Geithner in his official capacity under Title VII, the ADEA, and the Rehabilitation Act." (D.E. #10). The substance of the claims Plaintiff currently seeks to raise arises from allegations made in Equal Employment Opportunity ("EEO") complaints that he was discriminated against on the basis of sex, age, and veteran status as a disabled veteran, and that he was subjected to retaliation for engaging in prior protected activity. (Second Am. Compl. ¶¶ 3, 31).

On October 1, 2013, the District Court entered an Order, *inter alia*, to modify the docket to substitute Jacob J. Lew, the current Secretary of the Treasury, for Timothy F. Geithner as the sole Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Thereafter, the above-mentioned dispositive motions and motions related thereto were filed and are presently before the Court.

## II. Proposed Findings of Fact[1]

Plaintiff was employed as a contract representative with Defendant. (Def.'s Mot. for Summ. J., Exh. 8 at 201:9-16). Plaintiff and his son, Anthony T. Grose, Jr., both submitted employment applications for what the parties describe as a vacancy opening, although they do not cite evidence thereof. (Pl.'s Mot. for Summ. J., Exhs. 3-4).[2] On November 8, 2006, Plaintiff filed an EEO complaint under Agency Case Number EEODFS-06-0847-F. (Def.'s Mot. for Summ. J., Exh. 1). On November 30, 2007, Plaintiff's legal counsel withdrew his November 8, 2006 EEO complaint and voluntarily dismissed his cause of action. (*Id*., Exh. 5).

On August 6, 2007, Plaintiff filed an EEO complaint under Agency Case Number EEODFS-07-1159-M. (*Id*, Exhs. 2 & 6). On October 7, 2008, Plaintiff's legal counsel withdrew his August 6, 2007 EEO complaint. (*Id*., Exh. 6).

On January 22, 2008, Plaintiff filed an EEO complaint. (*Id*., Exh. 3). On March 24, 2011, the Equal Employment Opportunity Commission's ("EEOC") Office of Federal Operations ("OFO") denied reconsideration of its decision in Agency Case Number IRS080166F and advised Plaintiff as follows: "This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate

---

[1] As set forth below, *see*, *infra*, Section III.F, neither Plaintiff nor Defendant responded to one another's Statements of Undisputed Material Facts. Accordingly, Local Rule 56.1 requires that each party's Statement of Undisputed Material Facts be deemed undisputed. However, the Court will only do so as to the portions of Plaintiff and Defendant's facts that contain citations to evidence in the record; the remaining portions, as also detailed, *infra*, Section III.F, do not comply with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 and will not be considered for purposes of this Report and Recommendation.

[2] Plaintiff cites "Exhibits ( ) and ( )B", but it appears to the Court that he intended to cite Exhibits 3 & 4 because they do contain both employment applications of Plaintiff and his son.

United States District Court **within ninety (90) calendar days** from the date that you receive this decision." (*Id.*, Exh. 7).[3]

Plaintiff has additionally filed an EEO complaint under Agency Case Number EEODFS-07-0853; however, he had stated that he does not seek relief in this civil action for allegations made in that EEOC complaint. (*Id.*, Exh. 4 at 5 & Exh. 8 at 29:11-19).

## III. Proposed Analysis

### A. Defendant's Motion to Dismiss (D.E. #77)

Upon review of all of the motions presently before the Court, it is recommended that Defendant's Motion to Dismiss be considered at the outset, as resolution of this motion may resolve other claims. Specifically, Defendant's Motion to Dismiss asserts that Plaintiff has failed to exhaust his administrative remedies before filing suit in federal court. Plaintiff filed a Response titled "Motions in Opposition Suppression of this Honorable Court to Deny, the Defendant's Document No. [77 AND 77-1]" ("Plaintiff's Response") (D.E. #78) and Defendant filed a Reply to Plaintiff's Response ("Defendant's Reply") (D.E. #80).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by

---

[3] Plaintiff alleges that he withdrew this agency complaint; however, his evidence in support of that assertion is the Department of Treasury's Final Agency Decision in that case, which does not demonstrate that his complaint was withdrawn. (Pl.'s Mot. for Summ. J., Exh 5).

showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts that "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*,

891 F.2d 591, 594 (6th Cir. 1989)  A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to pro se litigants.  *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create" a pro se litigant's claim for him.  *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

## I.  Title VII and Rehabilitation Act

Under both Title VII and the Rehabilitation Act, exhaustion of administrative remedies is a prerequisite to filing suit in federal court.  *Brown v. General Services Admin.*, 425 U.S. 820, 831 (1976) (Title VII); *Smith v. U.S. Postal Service*, 742 F.2d 257, 260-62 (6th Cir. 1984) (Rehabilitation Act).  Specifically, this "entails (1) filing a timely charge of employment discrimination with the [EEOC], and (2) receiving and acting upon the EEOC's statutory notice of the right to sue."  *Smith v. HealthSouth Rehabilitation Center of Memphis, Ltd.*, 234 F. Supp. 2d 812, 914 (W.D.Tenn. 2002) (citing *Marquis v. Tecumseh Prods. Co.*, 26 F.R.D. 132, 151 (E.D.Mich. 2002)); *see also* 29 C.F.R. §§1614.105(a)(1), .106(a), & .110(a).  The burden of demonstrating exhaustion of administrative remedies lies with the plaintiff.  *Smith*, 234 F. Supp. 2d at 814 (citing *McBridge v. Citgo Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002)).

"On a motion to dismiss, the Court may judicially notice, and consider as part of the pleadings, 'administrative agency proceedings which are regularly and officially recorded." *Laurence Wolf Capital Management Trust v. City of Ferndale*, 176 F. Supp. 2d 725, 728 n.1 (E.D. Mich. 2000) (citing *Michigan Bell Telephone Co. v. Strand*, 26 F. Supp. 2d 993, 996 (W.D. Mich.

1998)); *see also Lozar v. Birds Eye Foods, Inc.*, 678 F. Supp. 2d at 589 (W.D. Mich. 2009) (court can consider "records or reports of administrative bodies" without converting a Rule 12(b)(6) motion into a motion for summary judgment); *Rhea v. Dollar Tree Stores, Inc.*, 395 F. Supp. 2d 696, 703 (W.D. Tenn. 2005) (concluding that EEOC charges of discrimination may be considered on a motion under Rule 12(b)(6)).

As to EEODFS-06-0847-F and EEODFS-07-1159-M, Plaintiff withdrew these complaints on November 30, 2007 and October 7, 2008, respectively. (Def.'s Mot. to Dismiss, Exhs. 5 & 6). A voluntary withdrawal before a final agency decision is issued constitutes a failure to exhaust administrative remedies. *See*, *e.g.*, *Branham v. Home Depot, USA, Inc.*, 225 F. Supp. 2d 762, 766 (E.D. Mich. 2002). Although Plaintiff appears to allege that his withdrawal of these complaints should be equitably tolled because he had disagreements with his attorney regarding those decisions, this is not a proper basis for equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (equitable tolling not appropriate for alleged poor attorney performance for a "garden variety claim of excusable neglect"); *Taylor v. Principi*, 92 Fed. Appx. 274, 277 (6th Cir. 2004) (holding that attorney error does not warrant equitable tolling); *Cantrell v. Knoxville Cmty. Dev. Corp.*, 60 Fed. 3d 1177, 1179-80 (6th Cir. 1995) (concluding that client abandonment due to attorney's mental illness rose to level where equitable tolling may be appropriate); *Robin Gordon v. Gordon R. England*, No. 07-2223, 2012 WL 2790375, at *10 (W.D.Tenn. July 9, 2012) (concluding that an "intentional tactical decision, even if ill-advised or made without consulting [p]laintiff, is consistent with 'garden variety neglect' and not attorney abandonment or misconduct and, thus, that equitable tolling is inappropriate). Accordingly, it is recommended that Plaintiff did not exhaust his administrative remedies as to these complaints, that he may not proceed to bring the claims contained therein in this Court, and that Defendant's Motion to Dismiss all claims arising out of

these complaints be GRANTED.

As to EEODFS-08-0166-F, Plaintiff was required to file his civil action within ninety days of receiving his right-to-sue notification. 42 U.S.C. § 2000e-16(c). "Courts apply this limit strictly and 'will dismiss suit for missing the deadline even by one day.'" *Woodruff v. Peters*, 482 F.3d 521, 525 (D.C. Cir. 2007) (quoting *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006)); *Carl J. McKibben v. Hamilton Cty.*, No. 99-3360, 2000 WL 761879, at *3 (6th Cir. 2000) (untimely complaint not excused by plaintiff's one day miscalculation of the ninety-day filing deadline) (citing *Goodman v. City Prods. Corp. , Ben Franklin Div.*, 425 F.2d 702, 703-04 (6th Cir. 1970)). Notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a right-to-sue notification to the claimant's record residential address unless the plaintiff rebuts that presumption with proof that he did not receive notification within that period. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

The Office of Federal Operations ("OFO") denied Plaintiff's reconsideration of the EEOC's decision on March 24, 2011. (Def.'s Mot. to Dismiss, Exh. 7). Thus, with the addition of five days to receive the mailing, the time period to file in federal court ended on June 27, 2011; Plaintiff did not file his Complaint until July 5, 2011. However, while the ninety-day filing requirement is strictly construed, it is not jurisdictional and is therefore subject to waiver, estoppel, and equitable tolling. *Truitt v. County of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998).

The doctrine of equitable tolling applies when "a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham*, 209 F.3d at 560-61. A plaintiff is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012) (quoting *Holland v.*

*Florida*, 560 U.S. 631, (2010) (internal quotation marks omitted)). Plaintiff alleges that this is the case. Specifically, on July 8, 2011, Plaintiff filed a motion (D.E. #3), which the District Court construed as requesting that his "case be docketed as if it had been filed on June 25, 2011" (D.E. #8). The District Court concluded that, although Plaintiff had signed his Complaint on June 25, 2011 and the Clerk received it on June 27, 2011, because he improperly attempted to pay the civil filing fee by personal check, his Complaint was returned. The District Court further concluded that it is unable to grant motions to extend the filing period but, in the event a motion to dismiss the action as time-barred was filed, Plaintiff may rely on the arguments set forth in that motion to request equitable tolling.

Under the unique circumstances presented in the instant case, Plaintiff mailed his initial Complaint on June 25, 2011 and the District Court rejected it due to his improper form of payment on June 27, 2011—the final date of the ninety day filing period. (Pl.'s Resp. to Def's Mot. to Dismiss, Exhs. 1 & 2). Plaintiff was notified of its rejection via mail after the conclusion of the ninety-day filing period and was then further delayed in re-filing his Complaint by the July 4 holiday.

Plaintiff asserts that he was further confused by the Local Rules and a guide for pro se litigants proceeding in this Court. Specifically, Local Rule 77.2(b)(2) states that, when a pleading is received but is unaccompanied by the required filing fee or an application to proceed *in forma pauperis*, "the Clerk shall note 'received' and the date received thereon and immediately notify counsel or the party who submitted the pleading that the pleading is held but not filed pending receipt of the required filing fee or an order granting an application to proceed *in forma pauperis*." In addition, Plaintiff has provided a copy of a document entitled "United States District Court for the Western District of Tennessee, Filing a Civil Case Without An Attorney, A Guide for the Pro

Se Litigant" ("Pro Se Guide") which refers to the payment of the $350.00 filing fee by "check or money order." (Pl.'s Resp. to Def's Mot. to Dismiss, Exh. 4).[4]

Defendant argues in his Reply that equitable tolling should not apply for two reasons. First, on July 8, 2011, when Plaintiff filed his motion requesting that his Complaint be docketed as if it were filed on June 25, 2011, Plaintiff attached as an exhibit the Local Fees sheet. This document states as follows regarding the acceptance of personal checks: "Personal or business checks are only accepted from attorneys, law firms, and the press." (Pl.'s July 8, 2011 Mot., filed at D.E. #3, at #3-1, Exh. 6). Second, Defendant argues that the Pro Se Guide relied upon by Plaintiff further states as follows: "This procedural guide will assist you with how to file a civil action pro se and is intended only as a general reference, **NOT** as a substitute for legal counsel. The fact that you have chosen self-representation does not excuse you from complying with the Federal Rules of Civil Procedure (Fed. R. Civ. P.) and the Federal Rules of Evidence . . . or this district's Local Rules." (Pl.'s Resp. to Def.'s Mot. to Dismiss, filed at D.E. #78, at Exhibit 4, PageID 1013).

Upon review, it appears that under Plaintiff's unique circumstances, he believed that a personal check was an acceptable form of payment based upon the version he obtained of the Court's Pro Se Guide and that he was further confused and believed that, if there were any error with his payment, he would be notified by an instantaneous method and his Complaint would be considered to be filed on the date it was received once the payment was properly completed. Plaintiff raised the issue of this confusion at the time of the filing of his July 5, 2011 Complaint—not

---

[4] Plaintiff's Exhibit 4 further contains the notation "Rev. 06/2006," apparently indicating that the latest revisions to this document were on that date. It is not clear to the Court what version of this guide was publicly available at the time Plaintiff sought to file his Complaint, although Plaintiff contends that his exhibit was the version available online in 2011. However, the current version of this document only permits payment of the increased $400.00 filing fee by cash, credit card, or a money order and is available on the Court's website at http://www.tnwd.uscourts.gov/pdf/content/ProSeGuide.pdf.

merely after Defendant's filing of his Motion to Dismiss. (*See* Pl.'s Compl., Exh. C at 28-30, 32-40 & Pl.'s "Motion—Defective Pleading," filed at D.E. #3).

While the Court finds Defendant's arguments persuasive, it is not clear whether Plaintiff had obtained the Local Fees sheet before his attempt to initially file his Complaint or upon further research after his Complaint was not filed. Additionally, while the Pro Se guide is not a substitute for legal advice, the Court is ultimately convinced that Plaintiff's confusion was warranted based upon the various versions of documents he obtained. Thus, the Court recommends that Plaintiff has met both prongs of the *Holland* test—that he has been diligently pursuing his rights and that an extraordinary circumstance prevented his timely filing—and that equitable tolling is appropriate.

Thus, because Plaintiff clearly attempted to file his Complaint before June 27, 2011 deadline and, for reasons unforeseen to him, it was not accepted and not considered to be filed on the date it was first received by the Court, the Court finds recommends that equitable tolling applies to his claims arising from EEODFS-08-0166-F. Thus, it is recommended that Defendant's Motion to Dismiss Plaintiff's claims arising from EEODFS-08-0166-F be DENIED.

### ii. ADEA

Under the ADEA, a plaintiff has the option of either invoking the administrative process or filing suit directly in federal court. *Hunter v. Secretary of U.S. Army*, 565 F.3d 986, 993 (6th Cir. 2009). The United States Court of Appeals for the Sixth Circuit previously concluded that a plaintiff could initiate administrative proceedings and, without exhausting his remedies thereunder, also proceed to file directly in federal court. *Langsford v. U.S. Army Corps of Engineers*, 839 F.2d 1192, 1195 (6th Cir. 1988). However, the *Langsford* court relied in part upon 29 C.F.R. § 1613.513, which, at the time of the *Langsford* decision, did not "terminate agency processing of a complaint

or Commission processing of an appeal" and did not "hinder mediation or conciliation efforts." *Id*. Since the *Langsford* decision, 29 C.F.R. § 1613.513 has been amended to provide that the filing of a civil action terminates the administrative proceedings. *Ivey v. Rice*, 759 F. Supp. 394, 399 (E.D. Ohio 1991). Without having to decide the issue, the *Ivey* court reasoned that the *Langsford* holding "may now be subject to question" based upon this change in the applicable regulations. *Id.*

Upon review, the Court is persuaded by the *Ivey* court's reasoning that a plaintiff that initiates his administrative remedies must exhaust them before proceeding to file directly in federal court. For the reasons set forth above in consideration of Plaintiff's Title VII and Rehabilitation Act claims, Plaintiff has not demonstrated that he exhausted his administrative remedies with respect to EEODFS-06-0847-F and EEODFS-07-1159-M. Accordingly, it is recommended that Defendant's Motion to Dismiss Plaintiff's ADEA claims arising from EEODFS-06-0847-F and EEODFS-07-1159-M be GRANTED.

As to EEODFS-08-0166-F, also for the reasons set forth above, it is recommended that Plaintiff exhausted his administrative remedies and that application of the doctrine of equitable tolling permits Plaintiff to proceed with the claims arising from that administrative complaint in federal court. Thus, it is recommended that Defendant's Motion to Dismiss Plaintiff's ADEA claims arising from EEODFS-08-0166-F be DENIED.

In sum, it is recommended that the sole claims surviving Defendant's Motion to Dismiss are any Title VII, Rehabilitation Act, and ADEA claims raised in EEODFS-08-0166-F. It is recommended that all claims arising from EEODFS-06-0847-F and EEODFS-07-1159-M be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. Accordingly, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Thus, the Court must proceed to consider the several preliminary issues raised by the parties regarding the cross-

motions for summary judgment before considering whether summary judgment is appropriate.

### B. Plaintiff's Motion to Forward Exhibits

In advance of Plaintiff's Motion for Summary Judgment (D.E. #76), Plaintiff filed his Motion to Forward Exhibits (D.E. #74). At the time of filing his Motion to Forward Exhibits, Plaintiff had not yet filed his Motion for Summary Judgment, although he did do so later that same day on April 4, 2014. Plaintiff requests in advance of the Motion for Summary Judgment's filing that the Court permit him to file exhibits "that may have been excluded" from his Motion for Summary Judgment. Plaintiff does not specify what exhibits were subsequently excluded or why he believes he was prevented from filing the exhibits as he sought to do. In fact, Plaintiff's Motion for Summary Judgment ultimately contains nine exhibits and an Exhibit Inventory. Accordingly, as Plaintiff does not provide any information as to what he believes he was unable to file or why he claims he was unable to do so, and as his request was made before he actually filed his Motion for Summary Judgment, Plaintiff's Motion to Forward Exhibits is hereby DENIED.

### C. Plaintiff's Motion for Evidentiary Hearing

Next, Plaintiff filed his Motion for Evidentiary Hearing requesting that the Court hold a hearing before considering summary judgment in favor of either party. Plaintiff also filed this motion before either his own Motion for Summary Judgment or Defendant's Motion for Summary Judgment were filed. Plaintiff proposes to present a "vast amount of additional supporting evidence" that was "not included" in his Motion for Summary Judgment. As with Plaintiff's Motion to Forward Exhibits, Plaintiff does not explain either what evidence was not filed or why he was unable to do so.

The United States Court of Appeals for the Sixth Circuit has held that Rule 56 of the Federal

Rules of Civil Procedure "does not require an oral hearing on a motion for summary judgment." *Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011) (quoting *Banfield v. Turner*, 66 F.3d 325, 1995 WL 544085, at *4 (6th Cir. 1995)). Instead, the rule "requires an adequate chance to present evidence and arguments[] and to respond to those of one's opponent." *Himes*, 645 F.3d at 784. Plaintiff's Motion for Evidentiary Hearing does not provide any grounds as to why he believes an oral hearing is necessary in the instant case. Once again, it also does not provide any information as to why he has "not included" the evidence he believes is essential to the resolution of his motion heretofore. Accordingly, Plaintiff's Motion for Evidentiary Hearing is hereby DENIED.

### D. Defendant's Motion to Strike (D.E. #79)

Next, Defendant has filed a Motion to Strike Plaintiff's Motion for Summary Judgment. (D.E. #79). Defendant asserts that Plaintiff's Motion for Summary Judgment is actually an "irregular and indiscernible pleading" in which it is "unclear . . . . whether the Plaintiff is seeking summary judgment or merely requesting that the Court grant him a hearing or jury trial." Specifically, Defendant notes that Plaintiff's purported Motion for Summary Judgment requests as follows in its prayer for relief:

> Plaintiff prays that the Court will honor his timely request. As it warrants this Court's interventions, not to dismiss any of [Grose's] claims until a full evidentiary hearing, pre-trial conference; status conference; is conducted to help resolve this dispute amongst the parties.

(Def.'s Mot. to Strike at 19). Accordingly, Defendant requests that the motion be stricken pursuant to Rule 8(a) of the Federal Rules of Civil Procedure and Local Rule 56.1.

Rule 8(a) applies to "pleadings" and requires, *inter alia*, a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 7(a) sets forth the only "pleadings" allowed in federal court, and motions such as Plaintiff's Motion for Summary Judgment are not considered as pleadings. *See also* Fed. R. Civ. P. 12(f) (providing that a Court

may strike "from a *pleading* an insufficient defense or any immaterial, impertinent, or scandalous matter" (emphasis added)).

Motions are governed by Rule 7(b), which requires that the motion "be in writing unless made during a hearing or trial," "state with particularity the grounds for seeking the order," and "state the relief sought." Fed. R. Civ. P. 7(b). Local Rule 56.1 contains further requirements for motions for summary judgment filed in this Court.

Motions to strike evidence offered in support of summary judgment are construed by this Court as an evidentiary objection pursuant to Local Rule 56.1(e). *Williams v. Regional Adjustment Bureau*, 2012 WL 4321291, No. 10-2305, at *9 (W.D. Tenn. Sept. 19, 2012). However, Defendant's Motion to Strike is not a mere objection to evidence Plaintiff relies upon in support of his Motion for Summary Judgment; instead, Defendant's Motion to Strike seeks that Plaintiff's Motion for Summary Judgment be stricken in its entirety because the relief sought is unclear.

Upon review, the Court agrees that Plaintiff's Motion for Summary Judgment is convoluted and fails to follow the requirements of Local Rule 56.1. It does contain portions that appear to request summary judgment, including his assertions that certain facts are "undisputed" and "may settle this dispute before a jury trial." (Pl.'s Mot. for Summ. J., Exh. 2). Plaintiff also requests that the Court award him summary judgment. (*Id.* at 15). It also contains, as Defendant notes, other requests and arguments that are difficult to discern and do not appear to relate to a request for summary judgment, including that he be "afforded the opportunity by a demand of jury trial." *Id.* In any event, this Court has concluded that, consistent with Rule 12(f), only pleadings are "attackable through a motion to strike." *Seanette Johnson v. Total Renal Care, Inc.*, 2012 WL 896148, No. 1:11-cv-01047-JDB-egb, at *1 n.2 (W.D. Tenn. Mar. 15, 2012) (citing *Clarence Moore*

*v. Baptist Mem. College of Health Sciences, Inc.*, 2010 WL 100551, at *3 n.2 (W.D. Tenn. Jan. 7, 2010)).  Further, Defendant's Motion to Strike does not contain any evidentiary objections to be considered pursuant to Local Rule 56.1(e), and therefore the Court need not consider this issue. Accordingly, Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment is hereby DENIED.

### E. Plaintiff's Motion to Amend (D.E. #82)

Plaintiff also filed a Motion to Amend asking that he be permitted to "correct" his allegedly "defective pleading" in response to Defendant's Motion to Strike.  (D.E. #82).  As Defendant's Motion to Strike has been denied, Plaintiff's request to file any exhibits to remedy any "defect[s]" is unavailing.  Further, Plaintiff has already requested in his Motion for Forward Exhibits and Motion for Evidentiary Hearing to attach exhibits to his Motion for Summary Judgment that were "excluded" and not filed at the time he filed his Motion for Summary Judgment.  As set forth above in consideration of these motions, Plaintiff has not provided any information regarding the exhibits sought to be late-filed or any explanation as to why he was unable to file them.  Accordingly, Plaintiff's Motion to Amend is hereby DENIED.

### F. Cross-Motions for Summary Judgment

Finally, Plaintiff and Defendant have filed respective motions for summary judgment. Plaintiff's Motion for Summary Judgment contains a section titled "Stipulated Certain Facts or Points of Laws that 'Are Not' In Dispute" and "Stipulated Facts or Points that 'Remain' In Dispute." (Pl.'s Mot. for Summ. J. at 6-14).  It appears to the Court that these portions of Plaintiff's Motion for Summary Judgment were filed in an attempt to satisfy Local Rule 56.1(a), which requires that any motion for summary judgment be "accompanied by a separate, concise statement of the material

facts as to which the moving party contends there is no genuine issue for trial." However, with the exception of two statements, Plaintiff's filing contains no citations to any evidence. Specifically, many of Plaintiff's statements cite "Exhibit (   )"; others have no citation whatsoever. (Pl.'s Mot. for Summ. J. at 6-14). Defendant has not responded to these statements of fact.

Defendant's Motion for Summary Judgment contains a brief Statement of Undisputed Facts in Support of Motion for Summary Judgment (Def.'s Mot. to Dismiss or for Summ. J., Exh. 2, filed at D.E. #77-2). However, Defendant's Statement of Undisputed Facts does not include the majority of the evidence it later relies upon in its Motion for Summary Judgment, thus never providing Plaintiff with the opportunity to respond to the facts utilized in support of its motion. (*See* Def.'s Mot. to Dismiss or for Summ. J. at 10-17).

Further, after removing the citations to the administrative filings from Defendant's Statement of Undisputed Facts (Def.'s Statement of Undisputed Facts ¶¶ 2-9), which the Court can consider upon a Rule 12(b)(6) motion to dismiss, as Defendant has asked the Court to do, and after removing the citations to pleadings (Def.'s Statement of Undisputed Facts ¶¶ 1, 10, 12), there is only one statement of undisputed material fact that remains. The sole statement of undisputed material fact states as follows: "In July 2007, the Plaintiff was employed as contact representative with the Defendant." (Def.'s Statement of Undisputed Facts ¶ 11). However, a review of the evidence cited in support of this fact demonstrates that no date of Plaintiff's employment is cited in that portion of the exhibit but only that Plaintiff was "already a contract representative" at the time of a vacancy announcement was posted—another event that appears for which there is not citation to evidence setting forth the date or other relevant information despite its critical importance in the arguments on the motion. (Def.'s Mot. for Summ. J., Exh. 8, at 201:9-16). Thus, from Defendant's Statement

18

of Undisputed Facts, the Court can only glean that Plaintiff was at some time employed as a contract representative. There is nothing further for the Court to consider regarding whether a genuine issue of material fact exists on the remaining claims. Plaintiff has also not responded to Defendant's Statement of Undisputed Facts.

Local Rule 56.1 requires as follows:

(a) <u>Moving Party.</u> In order to assist the Court in ascertaining whether there are any material facts in dispute, any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 shall be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine issue for trial. Each fact shall be set forth in a separate, numbered paragraph. Each fact shall be supported by a specific citation to the record. If the movant contends that the opponent of the motion cannot produce evidence to create a genuine issue of material fact, the proponent shall affix to the memorandum copies of the precise portions of the record relied upon as evidence of this assertion.

. . . .

(b) <u>Non-moving Party.</u> Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either:

    (1) agreeing that the fact is undisputed;

    (2) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or

    (3) demonstrating that the fact is disputed.

Each disputed fact shall be filed with any memorandum in response to the motion. The response must be made on the document provided by the movant or another document in which the non-movant has reproduced the facts and citations verbatim as set forth by the movant. In either case, the non-movant must make a response to each fact set forth by the movant immediately below each fact set forth by the movant. In addition, the non-movant's response may contain a concise statement of additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried. Each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record supporting the contention that such fact is in dispute.

Local Rule 56.1.

With respect to citations to evidence, Rule 56(c) of the Federal Rules of Civil Procedure requires as follows:

(1) **_Supporting Factual Positions._**  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c).

Upon review, neither party has complied with Local Rule 56.1.  Additionally, portions of the filings also do not comply with Rule 56(c) of the Federal Rules of Civil Procedure, as they contain citations to pleadings instead of evidence.  The Court has attempted to utilize the documents that have been filed by the parties to resolve the motions for summary judgment on the merits but has been unable to do so.  Ultimately, it is not the task of the Court to create either party's claims or attempt to surmise what issues of material fact are or are not at issue and, even if the Court were so inclined to do, there is not a feasible way to undertake this task based upon the submissions before the Court.  Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment and Defendant's request for summary judgment in his Motion to Dismiss or for Summary Judgment be DENIED for failure to comply with Local Rule 56.1 and Rule 56 of the Federal Rules of Civil Procedure.

## IV.  Conclusion

For the reasons set forth herein, Plaintiff's Motion to Forward Exhibits (D.E. #74) is

DENIED, Plaintiff's Motion for Evidentiary Hearing (D.E. #75) is DENIED, Defendant's Motion

to Strike (D.E. #79) is DENIED, and Plaintiff's Motion to Amend (D.E. #82) is DENIED. It is

further recommended that Plaintiff's Motion for Summary Judgment (D.E. #76) be DENIED and

that Defendant's Motion to Dismiss or, Alternatively, Motion for Summary Judgment (D.E. #77)

be GRANTED IN PART AND DENIED IN PART.


**DATED** this 30th day of July, 2014.


s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**