IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. GROSE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 11-2562-JDT-cgc |
| | ) | |
| JACOB J. LEW, Secretary, United States Department of the Treasury, | ) ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION TO PARTIALLY
GRANT DEFENDANT'S MOTION TO DISMISS,
DENYING ALL OTHER PENDING MOTIONS,
SETTING DEADLINES FOR MOTIONS AND RESPONSES,
AND CONTINUING TRIAL

Plaintiff Anthony T. Grose, Sr., acting *pro se*, filed this employment discrimination action against the U.S. Treasury Secretary ("Secretary") on July 5, 2011. (ECF No. 1.) The Court subsequently dismissed the complaint except for the claims against the Secretary alleging discrimination on account of race, age, and disability under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, and the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* (ECF No. 8.) On February 13, 2012, Plaintiff filed an amended complaint (ECF No. 9), which the Court allowed only insofar as Plaintiff sought to clarify and reorganize his allegations and to expand the prayer for relief. (ECF No. 10 at 2.) Leave to amend was denied to the extent

that Plaintiff sought to reassert dismissed claims and to assert claims under 42 U.S.C. §§ 1981, 1985(3) and 1986 and under 18 U.S.C. §§ 241 and 242. (*Id.* at 2-3.) After the Secretary filed an answer, Plaintiff again sought to amend in order to reinstate his claims against the dismissed Defendants. (ECF No. 39.) United States Magistrate Judge Charmiane G. Claxton recommended that Plaintiff's motion to amend be denied (ECF No. 41), and the Court adopted that recommendation and denied leave to amend (ECF No. 44).

On April 4, 2014, Plaintiff filed a motion for summary judgment (ECF No. 76), which Defendant subsequently moved to strike (ECF No. 79); Plaintiff then filed a motion seeking to amend his motion for summary judgment (ECF No. 82). Also on April 4, 2014, Plaintiff filed a motion to forward unattached exhibits (ECF No. 74) and a motion for an evidentiary hearing (ECF No. 75). Defendant's motion to dismiss or, alternatively, for summary judgment was filed on April 4, 2014, as well. (ECF No. 77.)

Magistrate Judge Claxton issued an order on July 30, 2014, denying Plaintiff's motions to forward exhibits and for an evidentiary hearing, denying Defendant's motion to strike, and denying Plaintiff's motion to amend his summary judgment motion. (ECF No. 83 at 14-17.) The Magistrate Judge also issued a Report and Recommendation in which she recommended that Defendant's motion to dismiss for failure to exhaust administrative remedies be granted as to the claims stemming from EEO administrative complaints EEODFS-06-0847-F and EEODFS-07-1159-M and denied as to the claims arising from EEODFS-08-0166-F. (*Id.* at 5-13.) In addition, Magistrate Judge Claxton recommended that both Defendant's alternative motion for summary judgment and Plaintiff's motion for

summary judgment be denied for failure to comply with Federal Rule of Civil Procedure 56(c) and Local Rule 56.1(a)-(b). (*Id.* at 17-20.)[1]

On August 11, 2014, Defendant filed an objection to the Magistrate Judge's recommendation for denial of summary judgment (ECF No. 86), along with a motion for leave to file an amended statement of undisputed facts (ECF No. 85). Defendant asks the Court to modify the recommendation to allow the parties to file amended statements of undisputed facts. Thereafter, Defendant asserts the Court should make a *de novo* ruling on the motions for summary judgment or, alternatively, remand for another recommendation by Magistrate Judge Claxton.

Plaintiff also filed a timely appeal of the Magistrate Judge's denial of his motions and objections to her recommendations (ECF No. 87), as well as a response to Defendant's motion to file an amended statement of undisputed facts (ECF No. 88). Defendant filed a response to Plaintiff's objections. (ECF No. 89.) On September 2, 2014, Plaintiff filed a document titled "Plaintiff's Motion for Leave of Court to File & Amended Statements of 'Undisputed & Disputed' Facts in Support for Plaintiff's Motion for Summary Judgment and, or Alternatively Demand for Trial By Jury." (ECF No. 90.)

Plaintiff also filed a motion for sanctions on September 12, 2014 (ECF No. 93 & 94), in which he appears to assert that Defendant engaged in witness tampering by somehow

---

[1] Magistrate Judge Claxton determined that neither Plaintiff nor Defendant had filed a proper statement of undisputed facts containing accurate citations to evidence in the record.

3

preventing him from locating and deposing Ms. McNeil prior to the close of discovery. Defendant has filed a response to the motion. (ECF No. 97.)

With regard to Magistrate Judge Claxton's denial of Plaintiff's motions to forward unattached exhibits, for an evidentiary hearing, and to amend his motion for summary judgment, Plaintiff's appeal is denied. The Court finds those rulings were not clearly erroneous or contrary to law.

Plaintiff's motion for sanctions is also denied. Although Plaintiff knew the whereabouts of Ms. McNeil before the Defendant did, Defendant nevertheless supplemented his initial disclosures to provide Plaintiff with her contact information. Plaintiff deliberately chose not to take her deposition. He has provided no evidence that Ms. McNeil was "tampered" with in any way.

The Court has considered Plaintiff's objections to the Magistrate Judge's recommendation to partially grant Defendant's motion to dismiss on grounds of failure to exhaust. Magistrate Judge Claxton thoroughly considered the law and the facts both as to the exhaustion issue and as to whether equitable tolling should be applied. Nothing in Plaintiff's objections persuades the Court that her ruling on those issues should be modified or rejected. Therefore, the Court denies Plaintiff's objections and adopts the recommendation to grant Defendant's motion to dismiss on the claims arising out of EEO administrative complaints EEODFS-06-0847-F and EEODFS-07-1159-M but to deny the motion to dismiss on the claims arising from EEODFS-08-0166-F.

The parties' objections to the Magistrate Judge's recommendation to deny their cross motions for summary judgment is denied. In addition, the Court denies the parties' motions asking the Court to modify that recommendation to allow them merely to file amended statements of undisputed facts.[2] Therefore, the recommendation to deny the cross motions for summary judgment is adopted, but is modified to provide specifically that the denial is without prejudice.

In summary, the parties' objections to Magistrate Judge Claxton's order and to her report and recommendation are all DENIED, and the report and recommendation is ADOPTED as modified. Accordingly, Defendant's motion to dismiss (ECF No. 77) is GRANTED as to the claims arising out of EEO administrative complaints EEODFS-06-0847-F and EEODFS-07-1159-M, but the motion is otherwise DENIED. The parties' motions for leave to file amended statements of undisputed facts (ECF Nos. 85 & 90) are DENIED without prejudice. Plaintiff's motion for summary judgment (ECF No. 76) and Defendant's alternative motion for summary judgment also are DENIED without prejudice. Plaintiff's motion for sanctions (ECF No. 93) is DENIED.

---

[2] Plaintiff's motion to amend his statement of undisputed facts still does not comply with Local Rule 56.1 or Federal Rule of Civil Procedure 56(c). The motion is accompanied by a 29-page "memorandum" (ECF No. 90-1) that includes an "amended complaint" interspersed with numerous comments asserting that the factual allegations are not in dispute, an objection to the Declaration of Pamela McNeil, a summary of the case as Plaintiff sees it, a great deal of argument on the merits, and short synopses of various case law. Plaintiff's motion is also accompanied by 21 exhibits, consisting of 1,540 pages. (ECF Nos. 90-2 to 90-14, 91, & 92.) However, Plaintiff's document specifically cites only to portions of Exhibits 2, 4, 12, and 13. Instead, he makes general statements such as, "See, 'all' supporting evidence of genuine facts in attached Exhibits, Depositions, of Pruitt; Dyer; Conyers; Agency Report of Investigation; Request for Admission and production of Documents" (ECF 90-1 at 5); "a genuine issues of material facts as outline in 'all' the attached exhibit(s)" (*id.* at 11); and "Plaintiff contends base on 'all' exhibits attached in this undisputed disputed issue(s) of facts, evidence . . . remains in dispute" (*id.* at 13). However, the Court is not obligated to comb through all of Plaintiff's numerous documents to determine if there is specific evidence that supports his factual assertions. He must provide the Court with those citations.

Defendant may file a second motion for summary judgment on or before November 3, 2014. Within 28 days after service of Defendant's motion, Plaintiff may file a response to Defendant's motion.[3] Defendant may file a reply within 14 days after Plaintiff's response, and Plaintiff may file a sur-reply within 14 days after Defendant's reply.

Defendant's initial brief and Plaintiff's response brief shall not exceed 20 pages, and their statements of undisputed material facts may not exceed 10 pages. Defendant's reply and Plaintiff's sur-reply shall not exceed 15 pages, including any further statements of undisputed material facts. No further briefing will be permitted. The Court will then await another report and recommendation from Magistrate Judge Claxton.

The trial of this case, currently scheduled for October 20, 2014, is hereby CONTINUED and will be reset by the Clerk.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE

---

[3] It is unnecessary for Plaintiff to file a separate cross-motion for summary judgment. He should make all of his arguments in his response to Defendant's motion. While Plaintiff should respond to Defendant's statement of undisputed facts and may also file his own in accordance with Local Rule 56.1(b), he need not re-file the voluminous exhibits he has already filed. He may include citations to those exhibits currently filed in Docket Entries 90, 91, and 92, provided the citations are sufficiently specific.