IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ANTHONY T. GROSE, SR.,**

      **Plaintiff,**

v.                                                                   Case 2:11-cv-02562-JDT-cgc

**JACOB J. LEW, SECRETARY OF
THE TREASURY,**

      **Defendant.**

---

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SUR-REPLY AND PLAINTIFF'S MOTION TO FILE NEW EVIDENCE IN SUR-REPLY**

**REPORT AND RECOMMENDATION ON DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND/OR ALTERNATIVELY JURY TRIAL**

---

Before the Court are the following motions: Defendant's Second Motion for Summary Judgment (Docket Entry "D.E." #101); Plaintiff's "Motion for Summary Judgment and/or Alternatively Jury Trial" (D.E. #108); Plaintiff's Motion for Extension of Time to File Sur-Reply (D.E. #111)[1]; and, Plaintiff's Motion to File New Evidence in Sur-Reply (D.E. #112)[2]. All pretrial

---

[1] Plaintiff has titled this motion as follows: "Plaintiff's Leave-of-Court Request the Court to Accept Plaintiff Sur-Reply as Timely File, or, Alternatively Allow a Extension of Time Request Base, on Unforseen Circumstances, Beyond Plaintiff Control to Sur-Reply to Defendant's Response in Document [109], Titled Reply to Plaintiff's Response to Defendant's Second Motion for Summary Judgment." Based upon the nature of the relief it appears that Plaintiff seeks through this filing, the Court will refer to this motion as "Plaintiff's Motion for Extension of Time to File Sur-Reply."

[2] Plaintiff has titled this motion as follows: "Plaintiff's Leave-of-Court Excess Pages of Objections and New Evidence to Sur-Reply to Defendant's Response in Document [109], Titled

1

matters in this case within the Magistrate Judge's jurisdiction have been referred for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and all other pretrial matters have been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). (D.E. #28). For the reasons set forth herein, Plaintiff's Motion for Extension of Time to File Sur-Reply and Plaintiff's Motion to File New Evidence in Sur-Reply are DENIED. Further, it is recommended that Plaintiff's "Motion for Summary Judgment and/or Alternatively Jury Trial" be DENIED and that Defendant's Second Motion for Summary Judgment be GRANTED.

**I. Introduction**

On July 5, 2011, Plaintiff Anthony T. Grose, Sr. filed a *pro se* Complaint alleging claims of employment discrimination in violation of numerous provisions of law against eleven named defendants. (D.E. #1). Plaintiff paid the civil filing fee. (D.E. #2). On December 22, 2011, Plaintiff filed a motion seeking leave to amend his complaint (D.E. #7), which the District Court granted in a January 13, 2012 Order and construed as the Amended Complaint. (D.E. #8). In this same Order, however, the District Court *sua sponte* dismissed all of Plaintiff's claims in the Amended Complaint with the exception of his Title VII, Age Discrimination in Employment Act ("ADEA"), and Rehabilitation Act claims against Defendant Timothy F. Geithner, Secretary of the Treasury, in his official capacity. (D.E. #8).

On February 13, 2012, Plaintiff filed an "Amended Complaint" (D.E. #9) ("Second Amended Complaint"), which set forth that the crux of his employment discrimination claims centered around his application for the position of contact representative under vacancy announcement Number 41-

---

Reply to Plaintiff's Response to Defendant's Second Motion for Summary Judgment." Based upon the nature of the relief it appears that Plaintiff seeks through this filing, the Court will refer to this motion as "Plaintiff's Motion to File New Evidence in Sur-Reply."

2

78-AM07-856 ("Vacancy Announcement") on or about July 2, 2007. The District Court construed this filing as a motion to amend (D.E. #10). As so construed, the District Court granted Plaintiff's motion to amend "[t]o the extent that the complaint merely clarifies and reorganizes the factual allegations and expands the prayer for relief"; however, the District Court denied Plaintiff's motion to amend "to the extent that Plaintiff is attempting to reassert the claims that were dismissed." (D.E. #10). The District Court reiterated that the "only claims in this action are the claims against Defendant Geithner in his official capacity under Title VII, the ADEA, and the Rehabilitation Act." (D.E. #10). On October 1, 2013, the District Court entered an Order, *inter alia*, to modify the docket to substitute Jacob J. Lew, the current Secretary of the Treasury, for Timothy F. Geithner as the sole Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. (D.E. #44).

On April 4, 2014, the parties filed cross motions for summary judgment. (D.E. #76, #77). On July 30, 2014, the Magistrate Judge recommended that Defendant's Motion to Dismiss be granted in part and denied in part, that Plaintiff's Motion for Summary Judgment be denied, and that Defendant's Motion for Summary Judgment be granted in part and denied in part. (D.E. #83). On October 3, 2014, the District Court adopted the Magistrate Judge's Report and Recommendation but provided specifically that the rulings on the cross motions for summary judgment were without prejudice. (D.E. #98). Thus, the sole remaining claims at this juncture are Plaintiff's Title VII, ADEA, and Rehabilitation Act claims against Defendant Lew in his official capacity arising from EEODFS-08-0166-F. The District Court further permitted Defendant Lew to file a second motion for summary judgment on or before November 3, 2014 and provided a briefing schedule if such a motion were filed. The District Court advised that, with the exception of the filings permitted by its Order, "[n]o further briefing will be permitted." The District Court also advised that it was

"unnecessary for Plaintiff to file a separate cross-motion for summary judgment" and that he "should make all of his arguments in response to Defendant's motion."

On October 10, 2014, Defendant Lew filed a Second Motion for Summary Judgment. On November 24, 2014, Plaintiff filed his Response to Defendant's Second Motion for Summary Judgment. (D.E. #107). Also on November 24, Plaintiff filed his "Motion for Summary Judgment and/or Alternatively Jury Trial." On December 5, 2014, Defendant Lew filed his Reply to Plaintiff's Response to Defendant's Second Motion for Summary Judgment in which he also responded to certain other filings by Plaintiff. (D.E. #109). On December 17, 2014, Plaintiff filed his Motion for Extension of Time to File Sur-Reply and Plaintiff's Motion to File New Evidence in Sur-Reply.

## II. Proposed Findings of Fact

At the time Plaintiff applied for the position of contact representative under the Vacancy Announcement, he was employed as a contact representative with Defendant. (Def.'s Mot. for Summ. J., Exh. 1 ("Pl.'s Dep.") at 201:9-16, 65:15-20). The Vacancy Announcement was for a seasonal position that "wouldn't have been a promotion" but "was more like a lateral move" with no change in pay or in benefits. (Pl.'s Dep. at 201:17-202:12). Plaintiff's application for the open position of contact representative under the Vacancy Announcement was not considered because the application was treated as a duplicate application. (Def.'s Mot. for Summ. J., Exh 2 ("Pruitt Dep.") at 31 & Exh. 3 ("Dyer Dep.") at 79).[3]

Former Human Resources Specialist Pamela McNeil was the primary point of contact for

---

[3] Although the parties do not cite this evidence in their respective Statement of Undisputed Facts or Response thereto, the record further provides that the mistake occurred as follows: "Mr. Grose's son (same name) Anthony Grose, Jr. also applied for the vacancy and the person inputting the application mistakenly assumed that both applications were from the same individual." (Pruitt Dep. at 31; Dyer Dep. at 79).

4

the Vacancy Announcement. (Def.'s Mot. for Summ. J., Exh. 4 ("McNeil Decl.") ¶ 2). McNeil has never known Plaintiff, including during the time when she served as Human Resources Specialist, and she had no knowledge of Plaintiff's race, age, medical condition(s), or previous EEO activity. (*Id.* ¶ 4). McNeil was never asked to disregard or mishandle Plaintiff's application for the Vacancy Announcement by anyone in Plaintiff's chain of command or anyone employed by the Defendant. (*Id.* ¶ 3). Likewise, Dyer did not know Plaintiff's age, color, gender, disabilities, or prior EEO activity, including EEO complaints or investigations. (Dyer Dep. at 90-91).

## III. Proposed Analysis

### A. Plaintiff's "Motion for Summary Judgment and/or Alternatively Jury Trial," Plaintiff's Motion for Extension of Time to File Sur-Reply, and Plaintiff's Motion to File New Evidence in Sur-Reply

In its October 3, 2014 Order, the District Court explicitly permitted Defendant to file a second motion for summary judgment and for the parties to file responsive briefing as set forth in the Order. The District Court expressly stated that "[n]o further briefing will be permitted." The District Court further admonished that "[i]t is unnecessary for Plaintiff to file a separate cross-motion for summary judgment" and that he "should make all of his arguments in his response to Defendant's motion." Accordingly, Plaintiff's Motion for Extension of Time to File Sur-Reply and Plaintiff's Motion to File New Evidence in Sur-Reply are DENIED and it is recommended that Plaintiff's "Motion for Summary Judgment and/or Alternatively Jury Trial" be DENIED.[4]

---

[4] The undersigned erroneously permitted Plaintiff an extension of time to respond to Defendant's Second Motion for Summary Judgment (D.E. #104) and permitted Plaintiff to file excess pages in response to Defendant's Second Motion for Summary Judgment (D.E. #110). Upon review, the District Court's briefing schedule did not permit either an extension of time or the filing of excess pages.

*B. Defendant's Second Motion for Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific

facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### *1. Rehabilitation Act*

The Rehabilitation Act constitutes the exclusive remedy for a federal employee alleging disability-based discrimination. *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007) (citing 42 U.S.C. § 12111(5)(B)(I); *Peltier v. United States*, 388 F.3d 984, 989 (6th Cir. 2004)). Under the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 29 U.S.C. § 794(a). To recover on a claim of discrimination under the Rehabilitation Act, "a plaintiff must show that: 1) he is an individual with a disability; 2) he is 'otherwise qualified' to perform the job requirements, with or without reasonable accommodation; and 3) he was discharged solely by reason of his handicap." *Jones*, 488 F.3d at 403 (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1178 (6th Cir. 1996)).

In the instant case, Plaintiff alleged in his Amended Complaint that he was discriminated against on the basis of his "veteran status as a disabled veteran." (Am. Compl. ¶ 31). Previously, in his EEO Complaint, Plaintiff marked the boxes for "Basis or Type of Discrimination" to include "Disability," the sub-category of disability as "Physical," and then wrote "veteran" below his selection. (Def.'s Mot. for Summ. J., Exh. 5 at 6). Plaintiff further stated that it was his belief that

his "rights as a veteran's preference may have been violated" but that he had not pursued his rights under the Veteran's Employment Opportunities Act of 1998. (*Id*. at 8).

The plain language of the Rehabilitation Act does not permit claims for discrimination on the basis of veteran status. *See* 29 U.S.C. §794(a) (stating that the Rehabilitation Act covers claims for discrimination "solely on the basis of disability."). Thus, it is recommended that Plaintiff cannot maintain a claim for discrimination based on veteran's status under the Rehabilitation Act. Further, Plaintiff has not presented any evidence to satisfy even the first prong of the *prima facie* case for discrimination on the basis of disability under the Rehabilitation Act. Namely, there is no evidence setting forth Plaintiff's disability. Likewise, there is no evidence as to the second and third prong of the *prima facie* case of disability discrimination. Accordingly, it is recommended that there is no genuine issue of material fact as to whether Plaintiff was discriminated against on the basis of disability in violation of the Rehabilitation Act. Thus, it is recommended that Defendant's Second Motion for Summary Judgment be GRANTED as to Plaintiff's claims of discrimination on the basis of disability and veteran status under the Rehabilitation Act arising from EEODFS-08-0166-F.

### 2. *Title VII and ADEA*

In order to set forth a *prima facie* case of discrimination on the basis of race under Title VII or age under the ADEA for failure to promote, a plaintiff must demonstrate as follows: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied. *Nguyen v. City of Cleveland*, 229 F.3d 559, 562-63 (6th Cir. 2000) (Title VII); *Brennan v. Tractor Supply Co.*, 237 Fed. Appx. 9, 16 (6th Cir. 2007) (citing *Anthony v. BTR*

*Automotive Sealing Sys.*, 339 F.3d 506, 514 (6th Cir. 2003); *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 506, 512 (6th Cir. 2004)) (ADEA).

In the instant case, Plaintiff's Title VII and ADEA claims must fail the third prong of the *prima facie* test. Specifically, due to an error by human resources personnel, it is undisputed that Plaintiff was never "considered for," and therefore never "denied" the position advertised in the Vacancy Announcement. Instead, it is undisputed that Plaintiff's application was never input into the system for him to be considered because it was thought to be a duplicate application of his son, who has the same name. Such an error is not sufficient to survive Defendant's Motion for Summary Judgment on Plaintiff's Title VII and ADEA claims.

While Plaintiff's failure to meet the third prong requires judgment as a matter of law in Defendant's favor on Plaintiff's Title VII and ADEA claims, the Court also notes that Plaintiff has also not satisfied the second or fourth prong of the analysis. As to the second prong, there must be a genuine issue of material fact as to whether Plaintiff applied for and was qualified for a "promotion." The undisputed evidence in the record is that Plaintiff was already employed as a contact representative, that the Vacancy Announcement was for a seasonal contact representative, and that the position did not provide any change in pay or benefits. Plaintiff has not presented any evidence of how the position advertised in the Vacancy Announcement could be considered a "promotion." As to the fourth prong, the record does not demonstrate that there is any genuine issue of material fact as to whether other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for promotion was denied.[5]

---

[5] While Plaintiff has previously filed certain exhibits, including in Docket Entries 90, 91, and 92, he did not file his own Statement of Undisputed Facts as permitted by Local Rule 56.1(b). The District Court's October 3, 2014 Order specifically advised Plaintiff of his right to

Accordingly, it is recommended that Defendant's Second Motion for Summary Judgment be GRANTED as to Plaintiff's Title VII and ADEA claims arising from EEODFS-08-0166-F.

## IV. Conclusion

For the reasons set forth herein, Plaintiff's Motion for Extension of Time to File Sur-Reply and Plaintiff's Motion to File New Evidence in Sur-Reply are DENIED. Further, it is recommended that Plaintiff's "Motion for Summary Judgment and/or Alternatively Jury Trial" be DENIED and that Defendant's Second Motion for Summary Judgment be GRANTED.

**DATED** this 16th day of January, 2015.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

do so and, if he elected to, of the preferred course of referring to these exhibits as already filed (rather than re-filing them). However, the District Court stated that the citations to any previously filed exhibits must be "sufficiently specific" to be considered. Plaintiff did not provide any "sufficiently specific" citations in his filings. Thus, ultimately, there was no evidence presented to the Court by Plaintiff in opposition to Defendant's Second Motion for Summary Judgment.