IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY T. GROSE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| VS. | ) | No. 11-2562-JDT-cgc |
| | ) | |
| | ) | |
| JACOB J. LEW, Secretary, United States | ) | |
| Department of the Treasury, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ORDER DENYING MOTION TO RECUSE AND
DENYING MOTION FOR RELIEF FROM JUDGMENT

Plaintiff Anthony T. Grose, Sr., acting *pro se*, filed this employment discrimination action against the U.S. Treasury Secretary. (ECF No. 1.) On January 13, 2012, the Court issued an order partially dismissing the complaint but allowing the case to proceed with regard to certain claims. (ECF No. 8.) On March 26, 2015, after the filing of various dispositive motions and extensive briefing by the parties, the Court ultimately adopted the recommendation of U.S. Magistrate Judge Charmiane G. Claxton to grant summary judgment to the Defendant. (ECF No. 117.) Judgment was entered on March 3, 2015. (ECF No. 118.) On March 25, 2015, Plaintiff filed a motion to recuse both Magistrate Judge Claxton and the undersigned Judge (ECF No. 121) and a motion for relief from judgment (ECF No. 122). Defendant filed a response to the motion for relief from judgment. (ECF No. 123.)

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, § 455(a) provides that a judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." Circumstances under which a judge must disqualify himself include:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case . . . ;

(4) He knows that he . . . has a financial interest in the subject matter in controversy;

(5) He or his spouse . . . :
   (i) Is a party to the proceeding . . . ;
   (ii) Is acting as a lawyer in the proceeding;
   (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
   (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

*Id.* § 455(b).

A judge must recuse himself if, knowing all of the circumstances, a reasonable, objective person would question the judge's impartiality. *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990). "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held." *Id.* (citation omitted).

2

Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not

based on the judge's interpretation of the law. *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

A judge's participation in the proceedings or prior contact with related cases cannot support a

demand for recusal. *Sammons*, 918 F.2d at 599. Sections 144 and 455 are to be read *in pari materia*

to require that disqualification be predicated upon extrajudicial conduct, rather than judicial conduct,

and to require that the alleged bias and prejudice be personal rather than judicial.[1] *Ullmo ex rel.*

*Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001); *United States v. Story*, 716 F.2d 1088,

1096 (6th Cir. 1983). A judge is presumed to be impartial, and a party seeking disqualification bears

the burden of alleging facts that would lead a reasonable person to question the neutrality of the

judge. *United States v. Adams*, 38 F.3d 1217, 1994 WL 589509 (6th Cir. 1994) (citing *Holt v. KMI*

*Continental, Inc.*, 821 F. Supp. 846, 847 (D. Conn.1993)).

While Plaintiff's motion is vigorously argued, the only basis for recusal offered is, in

essence, the adverse rulings and actions taken by the Magistrate Judge and the undersigned during

the proceedings in this case. That is not enough to warrant recusal. Plaintiff has cited no facts from

which a reasonable person would conclude that the impartiality of either the Magistrate Judge or the

undersigned might be questioned. Therefore, the motion for recusal is DENIED.[2]

Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or

proceeding for the following reasons":

---

[1] The Supreme Court has held that § 455(b)'s "extrajudicial source" doctrine also applies to § 455(a). *Liteky v. United States*, 510 U.S. 540, 554-55 (1994).

[2] Ordinarily, the undersigned Judge would rule only on Plaintiff's request to recuse himself and defer to Magistrate Judge Claxton to rule on Plaintiff's request for her own recusal. However, as Plaintiff's motion is wholly without merit, the Court finds that separate rulings are unnecessary in this case.

| | |
|---|---|
| (1) | mistake, inadvertence, surprise, or excusable neglect; |
| (2) | newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); |
| (3) | fraud . . . , misrepresentation, or misconduct by an opposing party; |
| (4) | the judgment is void; |
| (5) | the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or |
| (6) | any other reason that justifies relief. |

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). For that reason, "the party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Sataym Computer Servs., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Plaintiff's motion is largely incoherent, but he does contend the Court made various legal errors. Legal errors fall within the definition of "mistake" under subsection (b)(1). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000). However, Rule 60(b) is not intended to allow relief from judgment merely because Plaintiff is unhappy with the outcome. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The Court is unpersuaded that legal errors were made that warrant relief from the judgment.

Plaintiff also contends that the Defendant and his attorneys, with the collaboration of the Magistrate Judge, perpetrated fraud upon the Court by shielding witness Pamela McNeil from deposition. Rule 60(b)(3), authorizing relief based on fraud, misrepresentation, or misconduct by an opposing party, "requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold,*

*Inc.*, 538 F.3d at 455 (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996)).  Plaintiff has not made any showing that he was fraudulently or unfairly prevented from deposing any witness.

Subsections (b)(2), (b)(4), and (b)(5) of Rule 60(b) clearly are not applicable in this case. Subsection (b)(6), the "catch-all" provision, is to be used only in "extraordinary and unusual circumstances" in cases which are not covered under the first five subsections.  *See Pierce v. United Mine Workers of America Welfare & Retirement Fund For 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985).  Plaintiff has presented no such extraordinary and unusual circumstances in this case.

Plaintiff's motion for relief from judgment is DENIED.

IT IS SO ORDERED.

 s/ **James D. Todd**

JAMES D. TODD
UNITED STATES DISTRICT JUDGE