IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ANTHONY T. GROSE, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 11-2562-JDT-cgc |
| ) | |
| JACOB J. LEW, Secretary, United States ) | |
| Department of the Treasury, ) | |
| ) | |
| Defendant. ) | |
| ) | |

ORDER DENYING PLAINTIFF'S OBJECTIONS TO TAXATION OF COSTS
AND DENYING REQUEST FOR AUTHORIZATION OF TRANSCRIPT AS MOOT

The *pro se* Plaintiff, Anthony T. Grose, Sr., filed this employment discrimination action against the U.S. Treasury Secretary ("Secretary"). (ECF No. 1.) On February 26, 2015, the Court adopted the Magistrate Judge's Report and Recommendation to grant summary judgment to the Secretary on the remaining claims (ECF No. 117); judgment was entered on March 3, 2015 (ECF No. 118). On March 18, 2015, the Secretary filed a Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920 (ECF No. 119), supported by the Declaration of Assistant U.S. Attorney ("AUSA") William W. Siler (ECF No. 119-1). The Clerk subsequently notified the parties that a cost taxation hearing would be held on April 9, 2015. (ECF No. 120.) Plaintiff then filed his own Bill of Costs on April 6, 2015. (ECF No. 126.) Plaintiff filed a Notice of Appeal on April 8, 2015. (ECF No. 127.)[1] Following the cost taxation hearing, the Clerk issued an order on

---

[1] Plaintiff also filed a motion for relief from judgment on March 25, 2015 (ECF No. 123), which the Court denied on March 27, 2015 (ECF No. 125).

April 14, 2015, assessing costs against Plaintiff and in favor of the Secretary. (ECF No. 129.) Plaintiff's timely motion to review that order was filed on April 20, 2015 (ECF No. 131), and the Secretary filed a response on April 28, 2015 (ECF No. 132).

The Court first notes that costs are generally allowed only to a prevailing party. *See* Fed. R. Civ. P. 54(d)(1). Therefore, the Clerk properly found there is no basis on which to award costs in favor of Plaintiff, and Plaintiff's objections in that regard are not well taken.

The Secretary's Bill of Costs requested $4,226.00 for eleven deposition transcripts that were obtained for use in this case. (*Id.*) AUSA Siler's Declaration establishes that the deposition costs were reasonable in amount and reasonably incurred.[2] Plaintiff's objections to the award of costs primarily are based, not on the costs themselves, but on his contention that various decisions of the Magistrate Judge and of the undersigned Judge in this case were erroneous and that the case was wrongly decided on the merits. However, those are issues Plaintiff will be able to raise on appeal; they are not appropriately considered in determining whether an award of costs are appropriate.

The Court finds the Clerk correctly determined that Plaintiff has failed to rebut the presumption that the Secretary, as the prevailing party in this case, should be awarded its costs. Therefore, Plaintiff's objections to the award of costs are DENIED.

On April 17, 2015, Plaintiff also filed a Request and Authorization for Transcripts accompanied by the wrong form, a CJA Form 24, used for requesting authorization of transcripts in criminal cases. (ECF No. 130.) After being directed to do so by the Court of Appeals (ECF No.

---

[2] The Clerk noted that the only deposition taken by the Secretary was that of Plaintiff. The other ten were taken by Plaintiff himself; therefore, he cannot argue the costs were not necessary or reasonably incurred.

133), Plaintiff filed the correct transcript order form on July 23, 2015 (ECF No. 134), and his request is being processed. Therefore, the prior CJA Form 24 Request is DENIED as moot.

IT IS SO ORDERED.

                                               s/ **James D. Todd**
                                               JAMES D. TODD
                                               UNITED STATES DISTRICT JUDGE